Hawkins, J.,
delivered the opinion of the Court.
This is an agreed case, and the facts may he briefly stated thus: In 1861, DeG-rove, as Collector of the State and County taxes for Davidson County, paid into the Treasury of the State over $10,000 of State revenue; also, to the Trustee for said County, over $10,-000 of County revenue. In his settlement with the Comptroller of the State, he was allowed a credit of six per cent, on ten thousand dollars, and three per cent, on the balance of State revenue; and in settling with the County Judge, that officer refused to allow him more than three per cent, on any portion of the County revenue so paid by him, upon the ground that he was entitled to six per cent, only on one sum of $10,000 of revenue collected and paid, and had already received the same from the State.
The question to he determined, is, was the Collector entitled, also, to six per cent, on $10,000 of County revenue? and depends upon the construction to be given to sec. 4565 of the Code, which, is in these words: “The compensation of the Collector of State and County taxes, shall be at the rate of six dollars for every hundred dollars collected, accounted for, and paid into the State and County treasuries, up to $10,000; and at the rate of three dollars on every hundred dollars over that amount." We think, by a fair and easy construction of this section, the Collector is entitled to a compensation of six per cent, upon 'the amount of ten thou *496 sand dollars, and three per cent, on the balance of State revenue; and to a like compensation on the amount of County revenue collected by him, and paid into the respective treasuries.
The law provides no means by which the Comptroller may know, when settling with the Collector, whether the amount, of County taxes levied, collected, or paid over into the County treasury, or whether, in fact, any amount has been levied, collected, or paid over. Neither does the law provide any means by which the officer for the County, with whom the Collector must make his settlement, may know the amount of State revenue collected, and paid over into the State Treasury. The offices are not' only separate and distinct, but have no connection. The Comptroller is, by law, furnished with evidence as to the amount of State revenue with which the Collector in each County is chargeable, but not so as to the amount of County revenue. The funds are separate, and paid into separate and distinct treasuries.
Section 648 of the Code, provides: “On settlement of his accounts with the Comptroller and County Trustee, the Collector shall be allowed a credit: 1st, For compensation for collecting and paying the public taxes, at the rate of six dollars for every hundred dollars, up to ten thousand dollars; and at the rate of three dollars, on every hundred dollars over that amount.” It is manifestly the contemplation of this section, that the settlements shall be made separately; yet it provides that the compensation of the Collector, with which he shall be credited in his settlement with both officers, for col *497 lecting and paying the public taxes, shall be at the rate of six dollars on every hundred dollars, to the amount of ten thousand dollars. State taxes and County taxes are alike public taxes. Suppose the Collector collects and pays over five thousand dollars of each, making, in the aggregate, the. sum of ten thousand dollars of public taxes collected, could it be insisted, he would, in each settlement, be entitled to a credit of six per cent, on the whole amount of “public taxes” collected and paid? Most 'Certainly, the Legislature intended no such thing; but such would .be the result, if the rule of construction contended for, in reference to section 4565, is to prevail. We must, in order to arrive at the intention of the Legislature, construe the two sections together.
We think that the judgment of the Circuit Court is correct; and, therefore, it will be affirmed.